IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| HEATHER L. SANFORD,<br><br>    Plaintiff,<br><br>v.<br><br>RUBIN LUBLIN, LLC,<br><br>    Defendant. | CIVIL ACTION FILE NO.<br>1:20-cv-00712-AT-LTW |

### MAGISTRATE JUDGE'S ORDER

The above-styled case is currently before the Court on a Motion to Dismiss [Doc. 16] filed pursuant to Federal Rule of Civil Procedure 12(b)(6) by Defendant Rubin Lublin, LLC. Defendant moves to dismiss the Amended Complaint [Doc. 13] filed by Plaintiff Heather L. Sanford. The Amended Complaint, which is the operative pleading in this case, was filed by Plaintiff on June 1, 2020. [Id.]. Also pending is Plaintiff's Motion [Doc. 19] for Leave to File Amendments to the Amended Complaint.

### I.   BACKGROUND

Plaintiff Heather Sanford asserts in her Amended Complaint that she was employed by Defendant Rubin Lublin for approximately eight months from mid-2018 until February 20, 2019. [Doc. 13 ¶¶ 9, 10, 29]. Plaintiff Sanford worked as a Foreclosure Specialist and was thirty-eight years old at the time of her termination. [Id.

¶ 9]. In the third week of January 2019, Plaintiff informed her supervising attorney Michael Barringer that "she struggled with mental illness," that "her mental illness resulted in her having anxiety and that she was experiencing anxiety" as a result of an increased workload. [Id. ¶¶ 11, 14, 15]. Barringer intently listened to Plaintiff's concerns and a few days later, she was informed that her additional duties were to be allocated to another coworker. [Id. ¶¶ 19, 20].

Less than a week later, on or around January 29, 2019, Plaintiff explained to her Human Resources Manager Debra Goodhines that she had a mental illness and that she was experiencing symptoms of premature menopause. [Doc. 13 ¶¶ 21-23]. Plaintiff and Goodhines had a conversation about emotions and Plaintiff allegedly "looked therein to Goodhines for support and accommodation." [Id. ¶¶ 24-25]. Goodhines informed Plaintiff that everything was fine, Plaintiff's performance was satisfactory, and Plaintiff's two supervisors were pleased with her work. [Id. ¶¶ 26-28].

A few weeks later, on or about February 20, 2019, Plaintiff Sanford met with Goodhines and Barringer. Goodhines informed Plaintiff that she had violated the company's Code of Conduct. [Doc. 13 ¶¶ 29-31]. Goodhines read a written statement reciting the policy and the company's expectations moving forward. Goodhines also informed Plaintiff that the main issues had begun around October 2018 and continued to the date of the meeting. [Id. ¶¶ 32-36]. Plaintiff asked why she was receiving

feedback four months later and Barringer stated he felt it was an isolated incident. [Id. ¶¶ 37, 38]. Goodhines stated that Plaintiff "was merely too emotional, and that this was the primary reason [she] was being put on report." [Id. ¶ 39]. Plaintiff "asked Goodhines to clarify what 'too emotional' meant." [Id. ¶ 40]. Goodhines also stated that Plaintiff was "disrespectful to her once during a conversation because [Plaintiff] looked down at her feet." [Id. ¶ 41]. In addition, Goodhines stated that Plaintiff's emotional state was inappropriate, impaired productivity, lowered others' morale, and affected their productivity. [Id. ¶¶ 43, 46]. Plaintiff asked numerous questions about the infractions she allegedly committed. During this time, Goodhines excused herself from the meeting. [Id. ¶¶ 42, 47]. Goodhines returned shortly thereafter and informed Plaintiff that she was terminated effective immediately. [Id. ¶ 48].

Based on these factual allegations, Plaintiff Sanford asserts claims against Defendant Rubin Lublin based on the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.*, as amended ("ADA"). [Doc. 13 ¶¶ 72-120]. In Count I of her Amended Complaint (titled "Regarded As Discrimination"), Plaintiff alleges that Defendant terminated her employment because it regarded her as disabled in violation of the ADA. [Id., ¶¶ 72-76]. Plaintiff's ADA claim in Count II (titled "Disability Discrimination") alleges that Defendant terminated her employment and failed to provide a reasonable accommodation based on her disability. [Id., ¶¶ 77-88]. In Count

III (titled "Record of Disability Discrimination"), Plaintiff alleges Defendant violated the ADA by terminating her employment based on a record of disability. [Id., ¶¶ 89-92]. Plaintiff's ADA claim in Count IV (titled "Discrimination Based on the Failure to Reasonably Accommodate") alleges that Defendant denied her a requested accommodation and refused to enter into the required interactive process. [Id., ¶¶ 93-103]. In Count V (titled "Retaliation Because of Protected Activity"), Plaintiff alleges that Defendant retaliated against Plaintiff by denying her a requested accommodation, refusing to engage in the interactive process, and terminating her employment. [Id., ¶¶ 104-10]. Plaintiff asserts her final claim in Count VI (titled "Declaratory Judgment") for declaratory relief and an injunction. [Id., ¶¶ 111-20].

## II. Plaintiff's Motion to Amend

Defendant, as previously noted, has filed a Motion [Doc. 16] to Dismiss Plaintiff's Amended Complaint [Doc. 13]. Plaintiff has filed both a response [Doc. 18] in opposition to Defendant's motion as well as a Motion [Doc. 19] to Amend wherein Plaintiff seeks leave to file amendments to the Amended Complaint. Defendant has not filed a response in opposition to Plaintiff's Motion to Amend.

Rule 15(a) of the Federal Rules of Civil Procedure provides, "A party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) . . . 21 days after service of a responsive pleading or 21 days after service of a

motion under Rule 12(b), (e), or (f), whichever is earlier. (2) . . . In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(1), (2). In the present case, because Plaintiff has already amended the Complaint and Defendant has not granted written consent to file a second amended complaint, the Court's leave is necessary. Rule 15(a)(2) provides, "[L]eave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).

The court has discretion to deny a plaintiff's motion to amend, but it must provide a substantial basis for such a denial. Shipner v. Eastern Air Lines, Inc., 868 F.2d 401, 407 (11th Cir. 1989) (policy embodied in Federal Rules of Civil Procedure favors liberality of amendments). The Supreme Court and the Eleventh Circuit have enumerated factors that permit the denial of a motion to amend. These factors include undue prejudice to the opposing party, undue delay, bad faith on the part of the movant, futility of the motion, or repeated failure to cure deficiencies by previous amendments. Foman v. Davis, 371 U.S. 178, 182 (1962); Equity Lifestyle Props., Inc. v. Florida Mowing and Landscape Service, Inc., 556 F.3d 1232, 1241 (11th Cir. 2009).

Plaintiff Sanford's claims are brought pursuant to the ADA which prohibits covered employers from discriminating based upon the physical or mental impairments of a qualified individual with a disability. 42 U.S.C. § 12112. To establish a *prima facie* case of discrimination under the ADA, Plaintiff must show: (1) she is disabled;

(2) she is a qualified individual; and (3) she was subjected to unlawful discrimination because of her disability. Batson v. Salvation Army, 897 F.3d 1320, 1326 (11th Cir. 2018). With regard to the first element, the plaintiff must allege that she has a disability as defined in the Act. Chapman v. U.S. Postal Service, 442 F. App'x 480, 484 (11th Cir. 2011). Plaintiff must allege either: (1) that she has a physical or mental impairment that substantially limits one or more of her major life activities; (2) that there is a record of such an impairment; or (3) that she is regarded as having an impairment. 42 U.S.C. § 12102(3)(B); Hilburn v. Murata Elec. N. Am., Inc., 181 F.3d 1220, 1226 (11th Cir. 1999).

In its Motion to Dismiss, Defendant argues *inter alia* that Plaintiff's First Amended Complaint should be dismissed because Plaintiff has failed to allege the specific nature of her mental impairment. [Doc. 16-1 at 9-11]. Defendant asserts that Plaintiff has not offered sufficient factual allegations showing she is a qualified individual with a covered disability. [Id.]. In response, as previously noted, Plaintiff has filed a Motion to Amend the Complaint. [Doc. 19]. Plaintiff's proposed amendments include specific allegations of her mental impairments. [Doc. 19-1]. For example, Plaintiff alleges that she has been diagnosed with post-traumatic stress disorder ("PTSD") by two physicians and that her documented history of PTSD goes back six years. [Id. at 1-2]. Plaintiff also alleges that she has been diagnosed for three

years with borderline personality disorder ("BPD"). [Id. at 2]. In addition, Plaintiff alleges in the proposed amendments that PTSD and BPD affect her daily life and cause symptoms such as strong anxiety. [Id. at 2-3].

Defendant has not responded in opposition to Plaintiff's Motion [Doc. 19] to Amend. As a result, Defendant has not offered any reasons why Plaintiff's proposed amendments are not justified. The Court finds Plaintiff's Motion to Amend should be granted. There is no indication that Plaintiff has acted in bad faith and there have not been repeated failures by Plaintiff to cure deficiencies as she has only filed one amended complaint. The Court also finds that the amendments proposed by Plaintiff will not result in undue prejudice to Defendant. In fact, the proposed amendments provide greater detail and clarity with respect to Plaintiff's alleged mental impairments and allow Defendant to understand more easily Plaintiff's claims. Furthermore, as noted *infra*, Defendant will be permitted to file a motion to dismiss after Plaintiff has filed a substituted amended complaint in its entirety. Granting Plaintiff's Motion to Amend also would not result in undue delay. This case is only ten months old and discovery has not yet commenced. Finally, the Court cannot find at this stage of the litigation that Plaintiff's ADA claims are futile. For these reasons, Plaintiff's Motion [Doc. 19] for Leave to File Amendments to the Amended Complaint is **GRANTED**.

The Court finds, however, that the proposed amendments in their present form are difficult to decipher because Plaintiff has only filed isolated paragraphs which she seeks to insert into various places into the Amended Complaint. [Doc. 19-1]. The Court, therefore, **ORDERS** Plaintiff to file a Second Amended Complaint in its entirety within twenty-one (21) days of this Order.  If upon reflection Plaintiff believes that some of her counts as asserted in the Amended Complaint fail to state a claim upon which relief can be granted, she should not reassert those in the Second Amended Complaint.  Plaintiff is advised that the Second Amended Complaint supersedes and replaces her Amended Complaint [Doc. 13] as the operative pleading in this case. See Dresdner Bank AG v. M/V Olympia Voyager, 463 F.3d 1210, 1215 (11th Cir. 2006) ("An amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against [her] adversary.") (citation and internal quotation marks omitted).

### III.   DEFENDANT'S MOTION TO DISMISS

Because the Court finds that Plaintiff should be granted leave to file a Second Amended Complaint, Defendant's Motion [Doc. 16] to Dismiss Plaintiff's Amended Complaint is **DENIED as MOOT**. Moore v. Nationwide Advantage Mortg. Co., No. 1:16-CV-02757-LMM-RGV, 2016 WL 10998430, at *1 (N.D. Ga. Sept. 14, 2016); Bradley v. DeKalb County, Ga., No. 1:10-CV-0218-TWT-GGB, 2010 WL 4639240,

at *2 (N.D. Ga. May 17, 2010), adopted by 2010 WL 4638887, at *1 (N.D. Ga. Nov. 4, 2010) ("Defendants' first motion to dismiss has been rendered moot by the filing of Plaintiff's Amended Complaint."). Defendant, however, will be granted leave to renew its motion to dismiss as necessary in response to Plaintiff's Second Amended Complaint.

## IV.  CONCLUSION

In sum, Plaintiff's Motion [Doc. 19] for Leave to File Amendments to the Amended Complaint is **GRANTED**. However, because the proposed amendments in their present form are difficult to decipher, Plaintiff is **ORDERED** to file a Second Amended Complaint in its entirety within twenty-one (21) days of this Order.[1] Defendant shall answer or otherwise respond within twenty-one (21) days of the filing of Plaintiff's Second Amended Complaint. Defendant's Motion [Doc. 16] to Dismiss Plaintiff's Amended Complaint is **DENIED as MOOT**.

**SO ORDERED**, this __28__ day of December, 2020.

_____
LINDA T. WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] If Plaintiff does not file a Second Amended Complaint in its entirety within twenty-one (21) days of this Order, the undersigned will recommend that the case be dismissed without prejudice for failure to obey an order of the court. See Fed. R. Civ. P. 41(b); LR 41.3(A)(2), N.D.Ga.